UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OUCHO SAELEE and LAI CHIEM SAELEE,

                    Petitioners,

        v.

JULIO HERNANDEZ et al,

                    Respondents.

CASE NO. 2:26-cv-00735-TL

ORDER FOR RESPONSE

This matter is before the Court on Petitioners' Motion for Clarification (Dkt. No. 11). Petitioners argue, in part, that

> the scope of relief appropriate to provide relief for a legal violation is a question separate and apart from the legal violation. Here, the legal violation is that ICE threatens to violate Petitioners' procedural due process rights to notice and a hearing before any re-detention on an OSUP. Petitioners understand the Court to have concluded that the relief requested was too excessive in scope to trigger concerns that the requested injunction would run afoul of 8 U.S.C. § 1252. However, Petitioners do not understand the Court to be ruling that Petitioners' have no procedural due process right to notice and a hearing. But because the Court did not address the

ORDER FOR RESPONSE – 1

merits of Petitioners' legal claims and only states that it expects ICE to "provide Petitioners with due process in any re-detention procedure," Petitioners seek clarification in an enforceable order on what process is required.

Dkt. No. 11 at 2 n.2. The Court understands this to be an argument that the Court erred in making its jurisdictional finding based entirely on the relief requested, in failing to reach the merits of the due process claim, and therefore in failing to consider less "excessive" relief than a required six-month notice window, including the specific request that the Court "enjoin Respondents from detaining Petitioner[s] at their upcoming [ICE] check-ins[.]" Dkt. No. 1 (Petition for Writ of Habeas Corpus and Injunctive Relief) at 28.

Because the motion appears to allege "manifest error in the prior ruling," LCR 7(h)(1), and because it was noted as a same-day motion within fourteen days after the Court ruled on the Petition for Writ of habeas corpus, *see* LCR 7(h)(2), the Court construes the Motion for Clarification, in part, as a Motion to Reconsider under LCR 7(h). Pursuant to LCR 7(h)(3), the Court now requests a response from Respondents addressing the question of **whether the Court erred in finding that it had no jurisdiction over Petitioner's request to enjoin Respondents from detaining them at their upcoming ICE check-ins and in denying that relief.**

//

//

//

//

//

//

//

//

ORDER FOR RESPONSE – 2

Accordingly, it is hereby ORDERED:

(1)     Respondents SHALL file their response to Petitioners' motion, if any, by 9 a.m. PDT on June 29, 2026. Such response shall be limited to 2,100 words and to the narrow question identified above.

(2)     Respondents are not required to submit a response; however, the Court will interpret a failure to respond as an indication of non-opposition to Petitioners' Motion to Reconsider as to this limited question.

Dated this 25th day of June, 2026.

Tana Lin
United States District Judge

ORDER FOR RESPONSE – 3