UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OUCHO SAELEE and LAI CHIEM SAELEE,

Petitioners,

v.

JULIO HERNANDEZ et al,

Respondents.

CASE NO. 2:26-cv-00735-TL

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION

This matter is before the Court on a Motion for Clarification (Dkt. No. 11) brought by Petitioners Oucho Saelee and Lai Chiem Saelee. The Court ordered Respondents to file a response, if they had one, by today, June 29, 2026, at 9:00 a.m. Dkt. No. 14 ("Order for Response"). Respondents filed their response on Sunday, June 28, 2026. Dkt. No. 16.[1] The Court GRANTS IN PART and DENIES IN PART the motion for clarification.

//

//

---

[1] The Court appreciates Respondents filing a response on short order.

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 1

## I.    BACKGROUND

Petitioners are two stateless refugees from Laos who have lived in the United States for forty-six years. Dkt. No. 9 (Order on Petition for Writ of Habeas Corpus and Injunctive Relief ("Habeas Order")) at 2–3. Both were ordered removed at the end of the last century but could not be returned to Laos; consequently, they were allowed to remain in the United States on orders of supervision, and built full, productive lives and families in this country. *Id.* at 3–4. Now elderly and both living with serious medical conditions, Petitioners recently learned that Respondents are taking steps to execute their decades-old removal orders and return them to Laos, a country that they fled as teenagers and that will not recognize them as citizens. *Id.* at 1, 4, 5.

On March 3, 2026, Petitioners filed a Petition for Writ of Habeas Corpus and Injunctive Relief ("habeas petition"), substantively asking the Court to (1) enjoin respondents from detaining Petitioners at their upcoming check-ins with Immigration and Customs Enforcement ("ICE"), and (2) to enjoin respondents from detaining Petitioners at any other time "without advance notice of at least six months to one year, a hearing before a neutral decisionmaker, and a showing that detention is necessary to secure their removal[.]" Dkt. No. 1 at 28. The Court denied all relief, finding that it did not have jurisdiction to rule on the merits of the petition because "order[ing] that Respondents cannot re-detain Petitioners at their next appointments and must give six months' to a years' worth of notice and a pre-deprivation hearing . . . would usurp the executive's discretion as to whether to execute a removal order and when to do it[.]" Dkt. No. 9 at 10. Although it denied the habeas petition and all relief, the Court emphasized that

> this Order does not negate Respondent's obligation to afford Petitioners any due process required by law prior to any future re-detention. Respondents are expected to provide Petitioners with due process in any re-detention procedure. Further, the Court expects that Respondents will abide by the representations made by their counsel as an officer of Court as supported by a

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 2

> declaration from a representative of DHS that "ICE does not intend to detain Petitioners without first securing a travel document."

*Id.* at 11 (quoting Dkt. No. 5 (Respondents' Return Memorandum) at 3).

Petitioners present the instant motion to "seek clarification on what 'due process' the Court believes is 'required by law prior to any future re-detention.'" Dkt. No. 11 at 2 (quoting Dkt. No. 9 at 11). Petitioners also report that they have made numerous attempts to discuss the legal question underlying this request with counsel for Respondents but have not received a response. *Id.* at 3. In Response, Respondents assert that the Court did not err in finding it did not have jurisdiction over Petitioners' request (Dkt. No. 16 at 1) and that, even if the Court had jurisdiction, the Court's Habeas Order confirms Petitioners have not met their burden for injunctive relief because "revocations of release pursuant to the applicable regulations for the purposes of execution of a removal order do not violate due process" (*id*. at 3 (citing *Saechao v. Scott*, No. C26-548, 2026 WL 626765 (W.D. Wash. Mar. 5, 2026)).

## II.   LEGAL STANDARD

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *Beyond Blond Prods., LLC v. Heldman*, No. C20-5581, 2020 WL 11886260, at *2 (C.D. Cal. Oct. 29, 2020) (quoting *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). The Local Civil Rules of this District also do not provide for such a motion. However, "[a] district court has discretion to clarify . . . the scope of an injunction." *Familias Unidas por la Justicia, AFL-CIO v. U.S. Dep't of Lab.,* No. C24-637, 2025 WL 963246, at *1 (W.D. Wash. Mar. 31, 2025) (quoting *Safari Club Int'l v. Bonta*, 2024 WL 4682396, *2 (E.D. Cal. Nov. 5, 2024)); *see also N.A. Sales Co., Inc. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). "While such relief is in the sound discretion of the court, courts should not 'withhold a clarification in the light of a concrete situation that left parties . . .

in the dark as to their duty toward the court.'" *Beyond Blond Productions*, 2020 WL 11886260 at *1 (quoting *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 15 (1945)).

In some cases, a "motion for clarification" that assigns error to a district judge's prior order may be properly interpreted as a motion for reconsideration. *See, e.g.*, *Munoz-Munoz v. Locke*, No. C10-1475, 2013 WL 11319006, at *6 (W.D. Wash. Apr. 24, 2013), aff'd sub nom. *Munoz v. Locke*, 634 F. App'x 166 (9th Cir. 2015).

### III.    DISCUSSION

### A.    Clarification Without Reconsideration Is Inappropriate Here

The primary relief Petitioners seek in their motion is "clarification on what 'due process' the Court believes is 'required by law prior to any future re-detention.'" Dkt. No. 11 at 2 (quoting Dkt. No. 9 at 11). Plaintiffs explain that "[w]ithout a court order articulating [what due process requires before they may be re-detained], Petitioners are still subject to the Government's continued practice of re-detaining individuals at their scheduled check ins without pre-deprivation notice and a hearing." *Id.* at 3.

In one sense, this resembles a typical request for clarification of the contours of an order granting injunctive relief. "The Supreme Court teaches that when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt." *Regents of the Univ. of California v. Aisen*, No. C15-1766, 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)). While such a request would classically be asked by an enjoined party, it may be reasonable for a plaintiff or petitioner to ask, "what, precisely, is defendant/respondent enjoined from doing?" This seems to be the question Petitioners are asking here.

With regard to the Habeas Order entered in this case, though, there is no injunction to

clarify; the Court denied the habeas petition and all injunctive relief. The language Petitioners seek to clarify is simply the Court's general admonition reminding Respondents of their "obligation to afford Petitioners any due process required by law." But that admonition was general for a reason. The habeas petition did not present the question of precisely *what* due process is required in any hypothetical re-detention of Petitioners; it presented the narrower questions of (a) whether it would be unlawful for Respondents to re-detain Petitioners without a hearing and six months' notice, and (b) whether it would be unlawful for Respondents to re-detain Petitioners without notice at their ICE check-ins. While the law and the Constitution have more to say about the applicable limits on any future action to re-detain Petitioners (as the Court's admonition attests), this Court's prior order does not. The particular arguments and claims raised in the habeas petition, which were largely focused on forestalling their removal, did not put this Court in a position to offer its own opinion on the broad question of all "due process required by law." To do so now, especially without amending its order denying all relief, would be tantamount to publishing an advisory opinion—something federal courts "have no jurisdiction to issue[.]" *In re Est. of Dela Cruz*, 279 F.3d 1098, 1101 (9th Cir. 2002) (citing *Herb v. Pitcairn,* 324 U.S. at 125–26 (1945)). Petitioners' request for "clarification in an enforceable order on what process is required" before they can be re-detained (Dkt. No. 11 at 2 n.1), to the extent it does not seek reconsideration of the Habeas Order, is therefore DENIED.

**B.      Reconsideration of the Court's Prior Order Is Appropriate in Limited Part**

Petitioners argue that

> the scope of relief appropriate to provide relief for a legal violation is a question separate and apart from the legal violation. Here, the legal violation is that ICE threatens to violate Petitioners' procedural due process rights to notice and a hearing before any re-detention on an OSUP. Petitioners understand the Court to have concluded that the relief requested was too excessive in scope to trigger concerns that the requested injunction would run afoul of 8

> U.S.C. § 1252. However, Petitioners do not understand the Court to be ruling that Petitioners' have no procedural due process right to notice and a hearing. But because the Court did not address the merits of Petitioners' legal claims and only states that it expects ICE to "provide Petitioners with due process in any re-detention procedure," Petitioners seek clarification in an enforceable order on what process is required.

*Id.* The Court understands this to be an argument that the Court erred in making its jurisdictional finding based entirely on the relief requested, failing to reach the merits of the due process claim, and therefore failing to consider less "excessive relief." The Court now considers this argument in relation to Petitioners' two separate substantive requests for relief: that the Court enjoin Respondents from detaining Petitioners "without advance notice of at least six months to one year, a hearing before a neutral decisionmaker, and a showing that detention is necessary to secure their removal," and that the Court enjoin respondents from detaining Petitioners at their future ICE check-ins.

**1.    Petitioners' Request for Specific Re-Detention Procedures**

In their Motion, Petitioners submit that in distinguishing certain cases, specifically *Tesara v. Wamsley*, No. C25-1723, 2025 WL 3288295 at *3 (W.D. Wash. Nov. 25, 2025), and *Yang v. Scott*, No. C26-469, 2026 WL 632661 at *2 (W. D. Wash. Mar. 6, 2026), "only on the basis of the extended six-month-to-one-year timeline Petitioners sought," the Court "implicitly recognize[d] that the narrower relief granted in *Tesara* and *Yang*—basic notice and a hearing before re-detention—is required by due process." Dkt. No. 11 at 2. Petitioners therefore "do not renew their request for an extended notice period" but "seek clarification on what 'due process' the Court believes is 'required by law prior to any future re-detention.'" *Id.* (quoting Dkt. No. 9 at 11).

To the extent that this is a request to reconsider the denial of the habeas petition and enter an injunction (or declaratory judgment) outlining exactly what due process requires of

Respondents in any potential re-detention of Petitioners, it is denied. The reasons for this denial largely overlap with those discussed *supra* Section III.A. Petitioners misconstrue the Court's Order, which distinguished *Tesara* and *Yang* without taking any position on the reasoning of those decisions (which are not controlling precedent). *See* Dkt. No. 9 at 9. The Court was in no position to reach the question presented in those cases, as it found that the particular claim for relief presented in the habeas petition was beyond its jurisdiction. This was not precisely because of the length of the notice period requested, but because Petitioners were "essentially asking the Court to enjoin execution of their lawful removal orders, and . . . 8 U.S.C. § 1252(g) strips the Court of jurisdiction" to rule on such a request. *Id*. at 5. To be sure, the Court reached this determination *partly* because of the length on the notice period requested, but also because of the arguments presented by Petitioners. By and large, the Court found that "Petitioners . . . want the Court to make a decision that interferes with when Respondents can decide to execute their removal orders" (*id.* at 6–7), reasoning:

> Petitioners do not seek a reasonable runway to be prepared for detention, they seek time to fight their removal. They argue they are "entitled" to "the ability to contact attorneys, file necessary petitions, and pursue legal relief connected to their detention." Dkt. No. 1 ¶ 82. But Petitioners *have* attorneys and have filed the petition best-suited to their detention: a petition for habeas corpus. The real purpose of the extended reprieve Petitioners request is to "wrap up their affairs with their families" and "pursue post-conviction legal relief" that could prevent their removal. *Id*. ¶ 86. But these goals, and the time needed to pursue them, exists independently of the threat of detention. Petitioners do not want and need an injunction because Respondents might detain them, they want and need an injunction because Respondents might be preparing to deport them. If detention were removed from the equation entirely—for example, if Respondents ordered Petitioners to report to the airport and board a deportation flight without ever detaining them—this need would be no less acute.

*Id.* at 7.

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 7

The Court can imagine a different habeas petition Petitioners might have filed, clearly leveling all challenges at their potential detention rather than their potential removal, with well-supported arguments detailing what process Respondents are required to provide before re-detaining Petitioners. But that was not the petition before the Court. Instead, the Court was called on to consider whether re-detention of Petitioners would be unlawful in the absence of the specific procedures Petitioners sought *specifically for the purpose of contesting their removal.* Based on the record, arguments, and authorities presented, the Court found that Petitioners' challenge with this request was to their removal, which stripped the Court of jurisdiction either to consider the request on its merits or to fashion some more limited relief in its stead. *See id.* at 10. Therefore, the Court finds that it did not err either in denying Petitioners' request to enjoin their removal "without advance notice of at least six months to one year, a hearing before a neutral decisionmaker, and a showing that detention is necessary to secure their removal," (Dkt. No. 1 at 28) or in declining to craft some less expansive injunctive relief for a challenge that was fundamentally beyond its authority to consider.

### 2.    Petitioners' Request to Enjoin Re-Detention at ICE Check-Ins

But the Court did err in one respect. While the Habeas Order (and most of the briefing) focused on Petitioners' request for specific procedures, there was a separate substantive request as well: that the Court enjoin Respondents from arresting Petitioners without notice when they reported, pursuant to the requirements of their orders of supervision, for scheduled check-ins with ICE. *See* Dkt. No. 1 at 28. The Court treated this request as part and parcel of Respondents' request for extended notice, ultimately finding that "order that Respondents *cannot re-detain Petitioners at their next appointments* and must give six months' to a years' worth of notice . . . would usurp the executive's discretion" and was outside the Court's jurisdiction. Dkt. No. 9 at 10 (emphasis added).

The Court's inclusion of the italicized portion of the sentence above was an oversight and an error. While the briefing could have more clearly delineated it, this was a separate request, and it was error for the Court not to consider it independently of the specific procedural protections Petitioners sought. On reconsideration, the Court finds that this relief is within the Court's jurisdiction and should be granted, for three reasons.

First, the Court's jurisdictional reasoning simply does not apply to this relief. Unlike their more ambitious contention that detention without at least six-months' notice would violate due process, the claim that detaining Petitioners without notice at their ICE check-ins would violate due process is not, in fact, fundamentally a challenge to "the executive's discretion as to whether to execute a removal order and when to do it." *Id.* If the Court grants the requested injunction, and then Respondents decide to remove Petitioners, the Court's order will not stand in their way. As the Court previously suggested (*see id.* at 7), and as the exhibits in one of Petitioners' supplemental filings confirm (*see* Dkt. Nos. 12-1, 12-2), it is possible for Respondents to remove Petitioners without detaining them at all. To the extent, if any, that detention is appropriate to execute a removal of Petitioners, enjoining Respondents from misleading and ambushing Petitioners at a required appointment scheduled for another purpose does not prevent them from detaining Petitioners in another, lawful way.

Also unlike the other claim, the proposition that surprise "check-in" re-detentions of noncitizens previously released under orders of supervision (as the cited cases demonstrate is occurring) violate due process is consistent with the findings of other courts in this District and Circuit, including findings cited by Petitioners. *See Vo v. Scott*, No. C26-135, 2026 WL 445046, at *4–5 (W.D. Wash. Feb. 17, 2026) (cited by Dkt. No. 1 ¶ 77); *Nguyen v. Bondi*, No. C25-2723, 2026 WL 183819, at *4–5 (W.D. Wash. Jan. 23, 2026); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (cited by Dkt. No. 1 ¶ 60) (where Petitioner had not yet been re-detained,

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 9

granting permanent injunction "unless and until a hearing, with adequate notice, is held in Immigration Court to determine whether his bond should be revoked or altered"); *see also Sun v. Santacruz*, No. C25-2198, 2025 WL 2730235, at *2, 5–6, 8 (C.D. Cal. Aug. 26, 2025) (cited by Dkt. No. 1 ¶ 60) (finding a "tangible risk" that Petitioner on OSUP would be re-detained at ICE check-in, holding Petitioner was likely to prevail on claim that such re-detention violated due process, only additional pre-detention process can protect against an erroneous deprivation of liberty interest, and enjoining respondents "from arresting, detaining, or removing [petitioner] without notice and without a hearing[.]").[2] The Court agrees with those cases that this practice violates due process and is within this Court's jurisdiction to enjoin.

Respondents cite a single case, *Saechao v. Scott*, at which an ICE check-in detention was found, after the fact, not to have violated due process because "Respondents . . . did not seek to detain Petitioner without a hearing until they had made concrete arrangements for his removal." *Saechao v. Scott*, No. C26-548, 2026 WL 626765, at *6 (W.D. Wash. Mar. 5, 2026) (cited by Dkt. No. 16 at 3). Respondents cite *Saechao* primarily as support for the statement that "[some] courts in this District have found that revocations of release pursuant to the applicable regulations for the purposes of execution of a removal order do not violate due process," while acknowledging that other Courts have found that due process requires notice and a pre-detention

---

[2] This is not to mention the many cases in which courts, having granted a petition for habeas corpus on any number of bases and ordering release on an OSUP, also holds that future re-detention must be prefaced by notice and a hearing. *See, e.g.*, *Monazzami v. Blanche*, No. C26-1155, 2026 WL 1453670, at *4 (W.D. Wash. May 22, 2026); *Mai v. Hernandez*, No. C26-1337, 2026 WL 1328257, at *3 (W.D. Wash. May 13, 2026); *Nasser v. Blanche*, No. C26-1304, 2026 WL 1256153, at *4 (W.D. Wash. May 7, 2026); *Martynenko v. Bondi*, No. C26-626, 2026 WL 787667, at *3 (W.D. Wash. Mar. 20, 2026); *Korotkikh v. Bondi*, No. C25-2750, 2026 WL 496794, at *3 (W.D. Wash. Feb. 23, 2026); *Kara v. Bondi*, No. C26-105, 2026 WL 322772, at *6 (W.D. Wash. Feb. 6, 2026).

While the Court does not go so far in this Order (for the reasons given *supra* Section III.B.1), these orders all encompass a determination that surprise re-detention at an ICE check-in is out of bounds. And although Respondents contend that such cases "are distinguishable because the petitioners demonstrated that they had already been subjected to unlawful re-detention based on the facts of their circumstances" (Dkt. No. 16 at 2), they do not explain why this distinction has any legal significance (and the Court sees no reason why it should).

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 10

hearing. Dkt No. 16 at 3. But the Court issued its prior order without any argument on the issue of the relationship between DHS's own regulations, specifically 8 C.F.R. § 241.4 and 8 C.F.R. § 241.13, and constitutional due process. As such, and because—as Respondents acknowledge—the exact nature of this relationship is not well settled law, the Court finds it irrelevant to the question of whether it erred in its prior order. To the extent that *Saechao* provides a single example of a detention at an ICE check-in that was not found to be in violation of due process (an argument Respondents did not raise in their return memorandum), it does not assuage the Court's concern that Petitioners are likely to experience a constitutional violation if re-detained without notice at an ICE check-in. The *Saechao* court had the benefit of retroactively considering the facts of a detention that already occurred, rather than considering whether the likelihood of a constitutional violation during a *future* re-detention is sufficient to justify injunctive relief. Here, where Petitioners have a fundamental interest in their liberty, *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017), where Respondents have little if any cognizable interest in the specific procedure of a surprise re-detention at an appointment Petitioners have been told is for another purpose, and where the risk of an erroneous deprivation of liberty is high (as evidenced by the "dozens of habeas cases in this District and hundreds of habeas cases in this Circuit" that have been granted on procedural due process grounds, (Dkt. No. 1 at 63)), the Court finds that Petitioners have met their burden to show by a preponderance of evidence that their potential future detention at an ICE check-in would be unlawful.

Third and finally, injunctive relief is appropriate here. A petitioner seeking a permanent injunction against a government party must demonstrate (1) irreparable injury; (2) the insufficiency of other remedies to compensate for that injury; and (3) a balance of hardships, along with a public interest analysis, that favors injunctive relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Nken v. Holder*, 556 U.S. 418, 435

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 11

(2009) (holding that the third and fourth *eBay* factors merge where the Defendant is the government). As to the first factor, an injunction is appropriate where the party can demonstrate that "it is likely to suffer irreparable injury[.]" *City & County of San Francisco v. Trump*, 897 F.3d 1225, 1243 (9th Cir. 2018). Petitioners have presented evidence that Respondents persist in re-detaining noncitizens without warning at their ICE check-ins and that Petitioners themselves are at risk of falling prey to being re-detained without warning at their ICE check-in. *See* Dkt. No. 1 ¶¶ 77–78. They have provided authority, which this Court finds persuasive, finding this practice violates the Due Process requirements of the constitution. *See, e.g.*, *id.* ¶ 77 (citing *Vo*, 2026 WL 445046). At least one other court in this District reached the same conclusion. *See Nguyen v. Bondi*, No. C25-2723, 2026 WL 183819, at *4–5 (W.D. Wash. Jan. 23, 2026). The other *eBay* factors also favor injunctive relief. "Monetary damages are an inadequate remedy for deprivation of liberty; requiring the Government to follow constitutional procedures imposes no undue hardship, and the public interest favors compliance with the law." *Medero v. Hermosillo*, No. C26-568, 2026 WL 891355, at *4 (W.D. Wash. Apr. 1, 2026) (citing *Palacios v. Hermosillo*, No. C26-491, 2026 WL 686138, at *10 (W.D. Wash. Mar. 11, 2026)); *see also Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (As to the public interest factor, "it is always in the public interest to prevent the violation of a party's constitutional rights." (citation modified)).

For these reasons, the Court finds that it erred in failing to separately consider its jurisdiction over Petitioner's request for injunctive relief preventing Respondents from re-detaining Petitioners at any future ICE check-in, that the Court has jurisdiction to grant this relief, and that an injunction is appropriate. The Motion for Clarification, construed as a motion to reconsider, is GRANTED IN PART as to this specific request. The Habeas Order is amended as

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 12

stated below and GRANTED IN PART and judgment will be re-entered in accordance with this Order.

## IV.    CONCLUSION

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Petitioners' Motion for Clarification. Dkt. No. 11. It is hereby ordered:

(1)    Petitioners' request that the Court identify in detail what process is required by law prior to any future re-detention is DENIED.

(2)    To the extent the Motion for Clarification asks for reconsideration of the Habeas Order, it is GRANTED IN PART. The Court finds that it erred in finding that it had no jurisdiction over Petitioners' request to enjoin Respondents from detaining them at their upcoming ICE check-ins and in denying that relief. The Habeas Order is amended as stated in this Order and GRANTED IN PART, and judgment will be re-entered accordingly.

(3)    The judgment in this case (Dkt. No. 10) is VACATED.

(4)    Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are hereby ENJOINED from detaining Petitioners at any ICE check-in unless Petitioners have been informed in advance of the planned detention and the reasons for detention.

//

//

//

//

//

//

(5)   Pursuant to Respondents' representations to the Court, and in absence of any violations by Petitioners' of their OSUPs, Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are FURTHER ENJOINED from detaining Petitioners at any time before travel documents to Laos have been obtained for Petitioners.

Dated this 29th day of June, 2026.

Tana Lin
United States District Judge

ORDER ON PETITIONERS' MOTION FOR CLARIFICATION – 14